No. 10-3111



IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

JILL JONES-SODERMAN

*Plaintiff-Appellant,*

v.

HON. MARY MARGARET MCVEIGH, *et. al.*

*Defendant(s)- Appellees*

On Appeal from the United States District Court for the
District of New Jersey
U.S.D.N.J. Case No.: 08-CV-01887(PGS)(ES)

BRIEF OF APPELLANT, JILL JONES-SODERMAN

JILL JONES-SODERMAN, *Pro Se*
- *Appellant* -

10 Cornelison Avenue
South Nyack, New York 10960
Telephone: (845) 353-6111
Facsimile:  (845) 675-7805

# CERTIFICATE OF INTERESTED PERSONS

The Appellant, *Pro Se*, certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

A. Parties:

    Plaintiff-Appellant:        Jill Jones-Soderman

B. Defendant(s)-Appellee(s):    Honorable Mary Margaret McVeigh
                                   Paul Dasher, Ph.D
                                   Anita Rae Manns, Esq.
                                   Christopher Manns, Esq.
                                   Stephen Schippione, Esq.
                                   Michael Kuhns
                                   Kay McCormack
                                   Richard Gruber, Esq.
                                   Jodi Drugman, Esq.
                                   New Jersey Office of the Attorney General
                                   Honorable Edwin H. Stern
                                   John S. Corzine
                                   New Jersey State Legislature
                                   Leslie Arnson
                                   Marilyn Bair
                                   Susan Berger
                                   Jodi Krugman, Esq.

C. Attorneys:

For Plaintiff-Appellant:    Jill Jones-Soderman, *Pro Se*
                            10 Cornelison Avenue
                            South Nyack, New York 10960

For Defendant-Appellee(s):

                            Jill Heather Powers, Esq.
                            OFFICE OF THE NEW JERSEY ATTORNEY
                            GENERAL
                            25 Market Street
                            P.O. Box No. 112
                            Trenton, New Jersey 08625


                            THE LAW FIRM OF MANNS & LENNON,
                            LLC.
                            Anita Rae Manns, Esq.
                            41 Vreeland Avenue, Suite 202
                            Totowa, New Jersey 07512


                            BIANCAMANO & DISTEFANO, PC.
                            George Karousatos, Esq.
                            10 Parsonage Road, Suite 112
                            Edison, New Jersey 08837-2908

By: _Jill Jones-Soderman, Pro Se_

_- Appellant -_

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

On behalf of Appellant, *Pro Se*, submits that oral argument will not benefit as this issue may be determined upon the briefs and controlling Third Circuit law.

# TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS ............................................... i

STATEMENT REGARDING ORAL ARGUMENT ...................................... iii

TABLE OF CONTENTS ............................................................................ iv

TABLE OF AUTHORITIES ......................................................................v

ARGUMENT ........................................................................................... 1

CONCLUSION ...................................................................................... 20

CERTIFICATE OF SERVICE ...............................................................22

CERTIFICATE OF COMPLIANCE .....................................................24

APPENDIX ..........................................................................................25

# TABLE OF AUTHORITIES

## Federal Cases

*Ad Hoc Committee v. Bernard M. Baruch College*, 835 F. 2d 980 ( 2d Cir. 1987 )............................................................................................ 10

*Aiello v. City of Wilmington Delaware*, 623 F. 2d 845 ( 32d. Cir. 1980 ) ..............4

*Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807 (1994 ) ........................................15

*Atchison v. Topeka & santa Fe Ry. v. Buell*, 480 U.S. 557 (1987) ........................13

*Barrett v. Tallon*, 30 F. 3d 1296 ( 10th. Cir. 1994 ) .................................................. 16

*Bennett v. Schmidt*, 153 F. 3d 516 ( 7th. Cir. 1998 ) ................................................ 15

*Booth v. TRW Credit Data*, 523 F. Supp 631 ..........................................................12

*Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841 ( 1986 ) ................................. 17

*Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606 (1993) ................................ 1

*Burgos v. Hopkins*, 14 F. 3d 787 ( 2d. Cir. 1994 )...................... ....................... 7

*Bykofsky v. The Borough of Middletown*, 401 F. Supp. 1242 (1975) ..................... 3

*Calhoun v. Hargrove*, 312 F. 3d 730 ( 5th. Cir. 2002 ) ............................................. 7

*Clevland v. Caplaw Enters.*, 448 F. 3d 518 ( 2nd. Cir. 2006 ) ................................ 20

*Connally v. General Constr. Co.*, 269 U.S. 385, 46 S.Ct. 126 (1926).....................3

*Conley  v. Gibson*, 355 U.S. 41 (1957) ........................................................ 11, 13, 16

- v -

*Figueroa v. Rivera*, 147 F. 3d 77 ( 1st. Cir. 1998 ) .................................................. 17

*Forester v. White*, 484 U.S. 219, 108 S.Ct. 538 (1988) ............................................1

*Geisler v. Petrocelli*, 616 F. 2d 636 ( 2d. Cir. 1980 ) ............................................. 14

*Glover v. Liggett Group, Inc.*, 459 F. 3d 1304 ( 11th. Cir. 2006 ) ......................... 17

*Government of the Virgin Islands v. Steven,* ( 3rd. Cir. 1988 ), 134 F. 3d 526.........3

*Gregson v. Zurich American Ins. Co.*, 322 F. 3d 883 ( 5th. Cir. 2003 )................... 15

*Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 ...................................................... 7, 8

*Irish Lesbian & Gay Org. v. Giuliani*, 143 F. 3d 638 ( 2nd. Cir. 1998 ) .................20

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 125 S. Ct. 1497 ................... 15

*Juster Associates v. City of Rutland Vermont*, 901 F. 2d at 269 ( 2nd. Cir. 1990 ).....
.............................................................................................................................10, 11

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F. 2d 1406 93rd. Cir. ), *cert. denied*,
501 U.S. 1222 (1991) ...........................................................................................11

*Kelly v. Schmidberger*, 806 F. 2d 44 ( 2d Cir. 1986 )........................................13, 14

*Kittay v. Kornstein*, 230 F. 3d 531 ( 2d. Cir. 2000 ) ............................ .................... 13

*Kirlin v. Conopco, Inc.*, 1995 US Dist LEXIS 368 .................................................12

*Leatherman v. Tarrant County* 507 U.S. 163........ ............................................11, 12

*Lopez v. Smith*, 203 F. 3d 1122 .................................................................................8

*MacDonald v. Grace Church Seattle*, 457 F. 3d 1070 ( 9th. Cir. 2006 ) ............... 18

*Mc Millan v. Collection Prof'l's Inc.*, 455 F. 3d. 754 ( 7th. Cir. 2006 ) ................. 18

- vi -

*Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473 ............................................................ 2

*Morse v. Regents of Univ. of Colorado*, 154 F. 3d 1124 ( 10th. Cir. 1998 ).......... .15

*Noll v. Carlosn*, 809 F. 2d 1446 ( 9th. Cir. 1987 ) ...................................................8

*Ottero v. James Stinson, Great Meadows Correctional Facility*, 51 F. Supp. 2d 415 (1999) ...............................................................................................................8

*Patel v. Contemporary Classics of Beverly Hills*, 259 F. 3d 123 ( 2d Cir. 2001 ) ............................................................................................................................ 11

*Patton v. General Signal Corp.*, 984 F. Supp. 666 ( W.D.N.Y. 1996 ) ......................................................................................................................................6

*Peele v. Mattingly*, U.S.D.N.Y., 2007 U.S. Dist. LEXIS 65310, 06-cv-13423(LBS)...................................................................................................5, 6

*Rivera v. Heyman*, 157 F. 3d 101 ( 2d Cir. 1998 ) ...................................................11

*Salahuddin v. Cuomo*, 861 F. 2d 40 ( 2d Cir. 1988 ) .............................................12

*Sanchez v. Elk Grove Unified School District*, (2007), CIV S -07-0535 ...............8

*Scheur v. Rhodes*, 416 U.S. 232 ( 1974 ) ................................................... 11, 12 , 15

*Sheppard v. Beerman*, 18 F. 3d 147 ( 2d Cir. 1994 ), *cert. denied*, 513 U.S. 816 , (1994) ....................................................................................................................10

*Smith v. Messinger*, 293 F. 3d 641 ( 3d Cir. 2002 ) ...................................................7

*Stanton v. Mfr. Hanover Trust Co.*, 388 F. Supp. 1171 ( S.D.N.Y. 1975 )..............12

*Stephens v. American Home Assurance Co.*, 811 F. Supp. 937 ..............................12

- vii -

*Stolow v. Greg Manning Auctions, Inc.*, 258 F. Supp. 2d 236 ( S.D.N.Y. 2003 )......
..................................................................................................................................13, 14

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) ...................................11, 13, 14

*Test Masters educ. Servs. v. Singh*, 428 F. 3d 559 ( 5th. Cir. 2005 ) ..................... 15

*Wegman v. Grimke*, ( W.D.N.Y. ) 2007. WNY. 0000631, 03-CV-234S ................ 7

*Williams v. Seniff*, 342 F. 3d 774 ( 7th. Cir.2003)................................................... 16

*Zinerman v. Burch*, 494 U.S. 113 (1990) ............................................................. 11

## Federal Statutes

18 USC section 1961 ........................................................................................ 1

42 USC section 1983 ..................................................................................... 1, 2

United States Constitution ............................................................................... 3

## Rules

Fed. R. Civ. P. 8 .................................................................................... 13, 14, 15

Fed. R. Civ. P. 12 ........................................................ 2, 9, 10, 15, 16, 17, 18, 19,
.................................................................................................................20

6˙d

## ARGUMENT

**I. THE DISTRICT COURT ERRED IN IT'S JUNE 17, 2009 ORDER DISMISSING PLAINTIFFS COMPLAINT AGAINST ALL THE JUDGES AND STATE ACTORS. BECAUSE THE ORDER IS UNCONSTITUTIONALLY VAGUE AND DOES NOT SET FORTH THE GROUNDS UPON WHICH THE COURT DISMISSED THE COMPLAINT WITH PREJUDICE.**

This is a Complaint *primarily,* (i) pursuant to 42 USC section 1983, whereas, the Defendant Judges, Prosecutors and State Actors, among other things, violated the Plaintiffs' constitutional rights. These Defendants' did so, acting outside the scope of their official duties. ( *See,* Buckley v. Fitzsimmons, 509U.S. 259, 277, 113 S.Ct. 2606, 2618 *holding* liability for acts outside the scope of one's official duties ). With respect to the Defendant Judges they violated Plaintiffs' rights through acts not judicial in nature.( *See,* Forrester v. White, 484 U.S. 219, 228, 108 S.Ct. 538, 545 (1988 )( *holding* Judges liable for acts not judicial in nature )., and (ii) for the Defendants' numerous violations of the Racketeer Influenced Corrupt Organizations Act ( " RICO " ) 18 USC section 1961, *et. seq.* Surely, none of the Defendants can claim immunity for violations of RICO. ( *See,* Amended Complaint, Document 6 ).

- 1 -

The United States Constitution and Federal Laws protect you against unfair government actions by giving you individual rights. Specifically, Section 1983 allows you to sue state and local officials who have violated your rights. *See,* Monroe v. Pape, 365 U.S. 167, 173-74, 81 S.Ct. 473, 477 ( *holding* that Section 1983 gives a federal remedy to parties deprived of constitutional rights, privileges, and immunities by an official's abuse of his or her position ).

On or about October 14, 2008, the Defendants' made a Motion to Dismiss pursuant to Rule 12(b)(6), *primarily* arguing grounds for dismissal as: (i) failure to state a cause of action upon which relief could be granted, and (ii) immunity defenses for the judicial and state actors. ( *See,* Defendants Motion to Dismiss, Document 15). Plaintiff opposed said motion. ( *See,* Plaintiffs' Reply Brief in Opposition, Document 17 ).

On June 17, 2009, the Honorable Peter G. Sheridan, U.S.D.J. entered and ORDER dismissing Plaintiffs' Complaint against all the Judge and State actors with prejudice. ( *See,* ORDER dated June 17, 2009, Document 41).

The ORDER of the Court *merely* states that the Court *only* considered the papers in support of the motion to dismiss while remaining silent as to the papers in opposition, and that the Complaint " be and hereby dismissed as to Defendants Jon S. Corizone, Honorable Edwin H. Stern, Honorable Margaret McVeigh, Anita Rae

- 2 -

Manns, Esq., Kat McCormack, Leslie Aronson, Marilyn Bair, Susan Berger, Jodi Krugman, Esq., Paul dasher, Ph.D, Stephen Schiapone, Esq., the New Jersey State Legislature, and the New Jersey Office of the Attorney General Division of Consumer Affairs, _with prejudice_ ".

Noticeably absent, from the ORDER of the Court are the grounds upon which the Court made it's Decision and Order. Simply put, the Plaintiff cannot appeal an Order where it is impossible to determine the grounds upon which it rests.

The afore-mentioned Order of the Court is so unconstitutionally vague that it violates the Due Process Clause of the U.S. Const. Amend. XIV, because a man of common intelligence must necessarily guess at its meaning..... Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126 ( 1926 ); Government of the Virgin Islands v. Steven, ( 3rd. Circuit 1998 ), 134 F. 3d 526, 1998 App. LEXIS 264.

The Order of the Court is so _vague_ that Plaintiff must differ as to its application, violating the first essential of due process of law, to wit; providing fair notice of the grounds upon which the Court's decision rests, so that Plaintiff may act accordingly. Plaintiff cannot speculate as to the basis and grounds for the Court's order dismissing [her] Complaint. Bykofsky v. The Borough of Middletown, 401 F. Supp. 1242 (1975 ).

- 3 -

A facial challenge on the ground of vagueness, requires a demonstration that the Order is vague as applied to Plaintiff. Nothing further. <u>Aiello v. City of Wilmington Delaware,</u> 623 F. 2d 845, 850 ( 3d. Cir. 1980 ).

For the reasons set forth here at Argument, the Court should reverse the Order of the District Court and remand the matter.


II. **THE DISTRICT COURT ERRED IN IT'S ORDER DATED JUNE 14, 2010 DISMISSING PLAINTIFFS' COMPLAINT AGAINST THE SOLE REMAINING DEFENDANT RICHARD GRUBER, ESQ., PURSUANT TO FED. R. CIV. P. 41(b), FOR FAILURE TO PROSECUTE HER CASE.**

First, Appellant respectfully calls the attention of the Honorable Court to the June 14, 2010, ORDER of the Honorable Peter G. Sheridan, and the constitutionality of this Order in comparison to the afore-mentioned Order of the Honorable Peter G. Sheridan dated June 17, 2009. The June 14, 2010 Order although *errant,* sets forth the grounds upon which the Court rests, which the prior June 17, 2009 Order fails to do.

Turning to the June 14, 2010, Order the Court dismissed the Plaintiff's Complaint for failure to prosecute her case for what the Court believed was Plaintiff's failure to comply with the Court's Order of May 18, 2010 directing

- 4 -

Plaintiff to file a submission in furtherance of her case on or before June 04, 2010. ( *See,* May 18, 2010 Court Order, Document 51 )( *See,* June 14, 2010 Court Order, Document 53 ).

The Court failed to realize that Plaintiff had indeed complied with the May 18, 2010 Order and filed a submission with the Court in furtherance of [her] case on June 03, 2010. ( *See,* Plaintiff's Letter-Brief dated June 02, 2010, Document 54 ).

Due to a mishap in the Court Clerk's Office the Court did not receive the submission until a date after the date and time it was due.

On June 04, 2010, Plaintiff telephoned the Courtroom Deputy, Delores Hicks in an attempt to confirm the Court's receipt of the Plaintiffs' submission in furtherance. Courtroom Deputy, Hicks stated the Court did not receive the submission, and that; ' because Plaintiff overnight mailed the documents to the Clerk of the Court on June 03, 2010, it was probably in another section of the Clerk's office ". Courtroom Deputy, Delores Hicks advised Plaintiff to check back with the Court in about a week.

On June 11, 2010, Plaintiff called back the Court and spoke to Courtroom Deputy, Delores Hicks who stated the submission had still not made it to Judge Sheridan and that " the Judge was pissed ". The Courtroom Deputy, Delores Hicks requested that Plaintiff fax the submission in furtherance to the Court along with

- 5 -

the proof of mailing. Plaintiff did so. Plaintiff faxed the documents to: (609) 989-2065. Plaintiff was under the belief that this was sufficient and the Court had the documents.

Finally, on or about June 21, 2010 the Clerk of the Court entered the Plaintiff's submission of furtherance on the Docket as entry number 54.

Clearly, Plaintiff was in compliance with the Court's Order of May 18, 2010 on June 14, 2010 when the Honorable Judge Peter G. Sheridan dismissed Plaintiff's Complaint for failure to comply with the May 18, 2010, Order of the Court.

Undoubtably, the Honorable Judge Peter G. Sheridan, was indubitably actuated by an impulse to dispense with Plaintiffs' case without cause and not in the interest of justice.

Rather than dismissing the case, the law favors giving the *Pro Se,* Plaintiff an opportunity to amend the Complaint. As will be discussed in greater detail, *infra.*

For the reasons set forth herein at Argument, the Court's Order of June 14, 2010 should be reversed and the case remanded for further proceedings.

III.   **THE DISTRICT COURT ERRED IN DISMISSING THE *PRO SE,* PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION AND/OR UPON IMMUNITY GROUNDS BECAUSE THE COURT FAILED TO HOLD *PRO SE,* PLAINTIFF'S COMPLAINT TO LESS STRINGENT**

- 6 -

**STANDARDS, WAS NOT LIBERAL IN INSPECTING THE *PRO SE,* PLAINTIFFS' COMPLAINT AND BECAUSE THE LAW FAVORS *PRO SE,* PLAINTIFF BEING GIVEN AN OPPORTUNITY TO AMEND THE COMPLAINT BEFORE THE SEVERE SANCTION OF DISMISSAL IF THE COMPLAINT WAS FOUND TO BE INSUFFICIENT.**

Courts are particularly cautious while inspecting pleadings prepared by plaintiffs who lack counsel and are proceeding *pro se*. Often inartful, and rarely composed to the standards expected of practicing attorneys, *pro se* pleadings are viewed with considerable liberality and are held to less stringent standards than those expected of pleadings drafted by lawyers. *See,* Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 595-96; Calhoun v. Hargrove, 312 F. 3d 730, 733-34 (5th. Cir. 2002); Smith v. Messinger, 293 F.3d 641, 647 (3d Cir. 2002).

Cognizant of the distinct disadvantage that *pro se* litigants face, federal courts *routinely* read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. *See,* Wegman v. Grimke, (W.D,N.Y.) 2007. WNY. 0000631, 03-CV-234S, *citing,* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594,596 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2dCir.1994).

In reliance upon the Supreme Court's holding in Haines v. Kerner, *supra,* it has become well settled in the Federal Courts that " However, inartfully plead, *pro se*

plaintiffs allegations in a complaint should be deemed sufficient to call for the
opportunity to offer supporting evidence."

*Pro Se* pleadings are held to a less stringent standard than those drafted by
lawyers. *Id.* Haines v. Kerner, *supra.* Unless it is clear that no amendment can cure
its defects, a *pro se* litigant is <u>entitled</u> to notice and an opportunity to amend the
complaint before dismissal. *See,* <u>Sanchez v. Elk Grove Unified School District,</u>
(2007), CIV S-07-0535, 2007.ECA. 0004399, *citing,* <u>Lopez v. Smith,</u> 203 F. 3d
1122, 1127-28 (9th. Cir. 2000) (enbanc); <u>Noll v. Carlson,</u> 809 F. 2d 1446,1448 (9th.
Cir. 1987).

In <u>Ottero v. James Stinson, Great Meadow Correctional Facility,</u> 51 F. Supp. 2d
415 (1999) the Court received a letter from the petitioner, the Court noted:

> " In his letter, petitioner requested that " the standards as set forth
> in <u>Haines v. Kerner,</u> 404 U.S. 519, 92 S.Ct. 594, be applied as
> to the instant matter." The Supreme Court in *Haines* held that a
> *prisoners general allegations of physical injuries suffered* while
> in disciplinary confinement and the denial of due process in the
> steps leading to that confinement state a cognizable claim under
> 42 U.S.C. sec. 1983 sufficient to withstand a Rule 12(b)(6) mo-
> tion to dismiss. 404 U.S. at 520, 92 S.Ct. 594."...........................

The Court in <u>Ottero,</u> *supra,* in reliance upon the United States Supreme Court's
decision in <u>Haines,</u> *supra,* was ' particularly cautious ' and found *' general*

- 8 -

_allegations_ ' sufficient to withstand a Rule 12(b)(6) motion to dismiss. The Court

went as far as to state:

> " Although I fail to see how Haines applies to the
> instant case, the petitioner's request on this score
> is granted . " ...........................................................

Certainly, in the instant case, the Plaintiff has set forth much more than just '

general allegations ', therefore, the same should hold true herein, and <u>Haines,</u>

_supra,_ most certainly should apply. Thus, the complaint in this action in

accordance with <u>Haines</u> should be sufficient to withstand the motion for dismissal.

Moreover, a cursory review of Plaintiffs' Complaint viewed to raise the

" strongest argument its suggests " reveals on it's face, among other things, that

Plaintiff alleges all the Defendants' acted outside the scope of their official

duties and that the Judge Defendants' violated plaintiff's rights through acts not

judicial in nature. ( _See,_ Amended Complaint, Document 6 ).

## IV. THE DISTRICT COURT ERRED IN DISMISSING THE COMPLAINT BECAUSE OF THE GOVERNING STANDARD OF LAW AS TO PLEADINGS: THE ALLEGATIONS OF SODERMAN'S COMPLAINT ARE SUFFICIENT UNDER THE NOTICE PLEADING REQUIREMENT OF THE FEDERAL RULES, AND, IN THE ALTERNATIVE, PLAINTIFF SHOULD BE PERMITTED TO AMEND HER COMPLAINT.

### A. The Legal Standards of Motions for Failure to State a Claim.

A court may dismiss a claim pled in a complaint, pursuant to F.R.C.P. 12 (b)(6),

* only if the material facts are undisputed and must consider *only* the contents of

the pleadings and matters of which the court may properly take judicial notice.

*See,* Juster Associates v. City of Rutland, Vt., 901 F.2d 266, 269 (2d Cir. 1990).

The cause of action can only be properly dismissed if it " appears beyond doubt

that the plaintiff can prove no set of facts in support of [the] claim which would

entitle [the plaintiff] to relief." Sheppard v. Beerman, 18 F. 3d 147, 150 (2d Cir.

1994), cert. denied, 513 U.S. 816 (1994). The same standards apply to dismissing

a complaint under Rule 12( c) and Rule 12(b)(6). Ad Hoc Committee v. Bernard

M. Baruch College, 835 F. 2d 980,

982 (2d Cir. 1987).

In examining the pleadings, the court must accept all allegations in the complaint

as true, draw all inferences in the light most favorable to the plaintiff, and dismiss

- 10 -

the case only if satisfied that no set of facts can support the claim. Scheur v. Rhodes, 416 U.S. 232, 237 (1974); Zinerman v. Burch, 494 U.S. 113, 118 (1990); Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Patel v. Contemporary Classics of Beverly Hills, 259 F. 3d 123, 125-126 ( 2d Cir. 2001); Rivera v. Heyman, 157 F. 3d 101, 103 (2d Cir. 1998); Juster Associates, 901 F. 2d at 269. A court may dismiss a claim under F.R.C.P. 12(b)(6), only when it is absolutely clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Significantly, the burden of persuasion lies on the movant to establish beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him/her to relief. *Id.*; *See, also,* Kehr Packages, Inc. V. Fidelcor, Inc., 926 F. 2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222 (1991).

In ruling on a 12(b)(6) motion, the court should construe a plaintiff's allegations liberally, because the federal rules require only general or "notice" pleading, rather than detailed fact pleading. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514-515 (2002); Leatherman v. Tarrant County Narcotics Intelligence and Coordination

---

* The applicable rules and statutes are reproduced in the Appendix.

Unit, 507 U.S. 163, 168 (1993)( rules do not require detailed facts); Salahuddin v.

Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). The Supreme Court stated in

*Swierkiewicz:*

> When a federal court reviews the sufficiency of a complaint,
> before the reception of any evidence either by affidavit or
> admissions, its task is necessarily a limited one. The issue is
> not whether a plaintiff will ultimately prevail but whether the
> claimant is entitled to offer evidence to support the claims.
> 534 U.S. at 511, *quoting* Scheur, 416 U.S. at 236.

Lastly, courts are mindful not to dismiss claims that can be clarified through

pretrial discovery:

> The " *preferred course* " under the federal rules " *is to enc-*
> *ourage the use of discovery procedures* to apprise the parties
> of the factual basis of the claims made by pleadings." Booth
> v. TRW Credit Data, 523 F. Supp. 631, 635 (S.D.N.Y.1981)
> (citations omitted); *See also,* Stephens v. American Home
> Assurance Co., 811 F. Supp. 937, 959 (S.D.N.Y. 1993)("dis-
> covery is not the purpose behind Rule 12(e)") (citations
> omitted);Stanton v. Mfr. Hanover Trust Co., 388 F. Supp.
> 1171, 1174 (S.D.N.Y. 1975) ( " lack of detail [in a complaint]
> can be explored during the pretrial discovery phase of the
> litigation"). Kirlin v. Conopco, Inc., 1995 US Dist LEXIS
> 368 at 8-9 (S.D.N.Y. 1995).

- 12 -

## B. Standards for Pleadings Under F.R.C.P. 8

The Supreme Court, in *Swierkiewicz*, reemphasizing the limited requirements for

pleadings under the Federal Rules of Civil Procedure Rule 8, stated that:

> [a] complaint must include only " a short and plain statement
> of the claim showing that the pleader is entitled to relief."
> Such a statement must simply " give the defendant fair notice
> of what the plaintiff's claim is and the grounds upon which it
> rests." This simplified notice pleading standard relies on liberal
> discovery rules and summary judgment motions to define dis-
> puted facts and issues and to dispose of unmeritorious claims,
> 534 U.S. at 512-3. (internal citations omitted).

The plaintiff does not have to set out in detail the facts on which the claim for

relief is based, but must merely provide a statement sufficient to put the opposing

party on notice of the claim. Conley, 355 U.S. at 47; *See also,* Atchison, Topeka &

Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n. 15 (1987) (under F.R.C.P. 8, claimant

has " no duty to set out all of the relevant facts in his complaint"); Kittay v.

Kornstein, 230 F.3d 531,541 (2d Cir. 2000) (sufficient information to permit

defendant to have fair understanding of what plaintiff is complaining about and to

know whether there is a legal basis for recovery); Kelly v. Schmidberger, 806 F.

2d 44, 46 (2d Cir. 1986); Stolow v. Greg Manning Auctions,Inc., 258 F.Supp. 2d

- 13 -

236,242 (S.D.N.Y. 2003) (need not set forth legal theories, facts or elements underlying the claim except in certain circumstances). The Rule 8 based notice pleading standard applies to the pleading of supplemental state law-based claims. Kelly, 806 F. 2d at 46.

The Supreme Court expanded its *liberal* pleadings requirement holding:

> [o]ther provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)1 states that " no technical forms of pleading or motions are required," and Rule 8(f) provides that "all pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 513-4 (citations omitted).**

For this reason alone, the District Court erred in dismissing Plaintiff's Complaint. Certainly, it does not appear " beyond a doubt " that Plaintiff can prove no set of facts which state a claim upon which relief can be granted.

---

** A defendant is afforded other procedural devices to ascertain the factual basis and to test the sufficiency of the claims, including liberalized discovery, a rule 12(e) motion for a more definite statement, a Rule 12 (f) motion to strike, and motion for summary judgment. Swierkiewicz, 534 U.S. at 512-3; Geisler v. Petrocelli. 616 F.2d 636,640 (2d Cir. 1980) (complaint sufficient because additional information available through discovery).

- 14 -

## V. THE DISTRICT COURT ERRED IN DISMISSING PLAINTIFFS COMPLAINT BECAUSE RULE 12(b)(6) AND RULE 12( c) ERECT A POWERFUL PRESUMPTION AGAINST DISMISSING PLEADINGS FOR FAILING TO STATE A COGNIZABLE CLAIM FOR RELIEF.

When a claim is challenged under this Rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *See,* Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 170-171, 125 S.Ct. 1497, 1502-03 (2005); Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994); Scheuer v.Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974).

In its liberality, the Rule erects a powerful presumption against dismissing pleadings for failing to state a cognizable for relief. *See,* Test Masters Educ. Servs. v. Singh, 428 F.3d 559,570 ( 5th. Cir. 2005); Gregson v. Zurich American Ins. Co., 322 F.3d 883,885 (5th. Cir. 2003); Morse v. Regents of Univ. of Colo., 154 F.3d 1124,1127 (10th. Cir. 1998). *See also,* Rule 8 ( requiring only short, plain statement showing entitlement to relief); Bennett v. Schmidt, 153 F.3d 516,518 (7th. Cir. 1998) ( rejecting notion that complaints must recite all evidence needed to prevail at trial; instead, Rules make the complaint " just the starting point " and, rather

than waiting until " plaintiff gets it just right ", the court should keep the process

moving, by requiring a more definite statement or inviting a motion for summary

judgment-in a racial discrimination employment case, " I was turned down for a

job because of my race " is all that the complaint need say).

Thus, the pleader's stated legal theory and specific requests for relief are *not*

necessarily dispositive in ruling on a Rule 12(b)(6) motion. *Id.* Williams v. Seniff,

342 F. 3d 774, 792 (7th. Cir. 2003); Barrett v. Tallon, 30 F. 3d 1296,1299 ( 10th.

Cir. 1994).


*In fact,* the complaint might not need to identify a particular legal theory at all.

*Id.* Williams v. Seniff, *supra.*


*Most Importantly,* a claim generally will not be dismissed, even though the

asserted legal theories are not cognizable or the relief sought is unavailable, so

long as other tenable legal claims are evident from the facts averred on the face of

the complaint or *the pleader is otherwise entitled to any type relief under another*

*possible legal theory. See,* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-

102 (1957) ( " a complaint should not be dismissed for failure to state a claim

unless it appears beyond a doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief"). *See also,* Glover v.

- 16 -

Liggett Group,Inc., 459 F.3d1304 (11[th.Cir]. 2006) ( dismissal proper when, due to a dispositive issue of law, no construction of the plaintiff's facts would support a cause of action.). *See also,* Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841 (1986); Figueroa v. Rivera, 147 F.3d 77 (1[st.Cir]. 1998).

In the instant case, the plaintiff has set forth facts and circumstances on the face of the complaint that would entitle [her] to some type of relief under some tenable legal claim. Therefore, even if the plaintiff's legal theories as presented and requests for relief were improper the complaint still should not be dismissed in accordance with Bowers, *supra,* and Figueroa, *supra*. For this reason alone, the defendants motion to dismiss should have failed.

## VI. THE DISTRICT COURT ERRED IN DISMISSING THE COMPLAINT BECAUSE THE DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6),CANNOT BE CONSIDERED DUE TO " UNTIMELINESS " AND *MUST* BE DENIED.

### A. Timeliness of a Rule 12(b)(6) Motion to Dismiss.

The Complaint in this Action was filed on APRIL 09, 2008 and thereafter properly served upon all the defendants in accordance with the rules of the Court.

( *See,* Complaint, Document 1. )

Prior to October 14, 2008 *all* the defendants submitted and filed their Answers with the Clerk of the Court. ( *See,* Answer(s), Docket No.'s: 9 and 14 ).

On October 14, 2008, *after filing the Answers,* the defendants filed their Motions to Dismiss pursuant to Rule 12(b)(6). This is readily determined by the Court's docketing summary. ( *See,* Court's Docketing Summary - Annexed Hereto in Appendix).

Under Rule 12(b)(6) *motions* seeking dismissal of such claims, however, *must* be filed before a responsive pleading is served. Here, the defendants failed to do so. It is undeniably clear that the defendants filed their responsive pleading prior to the Rule 12(b)(6) motion, thus, barring said motion from consideration pursuant to the statute.

However, if the Court were to consider the defendants motion, which it should not, it could then *only* be considered as a motion pursuant to Rule 12( c) which would fail on other grounds.

Motions errantly made under Rule 12(b)(6), as herein, can *only* be treated as a Rule 12( c) motion *absent prejudice to the nonmoving party. See,* MacDonald v. Grace Church Seattle, 457 F.3d 1079 (9th. Cir. 2006); McMillan v. Collection Prof'ls Inc., 455 F. 3d 754, 757 ( 7th. Cir.2006)., *also,* Federal Civ. Rules

Handbook (2007), Rule 12 at p. 375. Here, the nonmoving, Plaintiff would be severely prejudiced, in that;

    (i) Plaintiff will be damaged and placed at a further disadvantage by the voluminous litigation that [she] will be subjected, if the _untimely_ motion is considered;

    (ii) Simply put, this type motion should have been made timely, in accordance with the Federal Rules of Civil Procedure as this defendant a large municipal conglomerate is represented by three (3) law firms of considerable experience, thus, this type of motion by it's nature places this _pro se_ plaintiff at a disadvantage and considering the _untimely and improperly labeled_ motion would place plaintiff at a further disadvantage indicative of severe prejudice;

    (iii) It would be a matter of ' bad faith ' to allow the defendants _untimely and improperly labeled_ motion to proceed;

    (iv) Allowing the motion to proceed would impact the plaintiffs ability to redress for the defendants actions;

    (v) The plaintiff has valid and meritorious claims, and

    (vi) Plaintiff needs discovery to properly articulate her claims, among other things.

Therefore, the District Court should not have considered the defendants motion due to the fact that the plaintiff would be prejudiced.

## *Waiver*

Under Rule 12( c) a motion for judgment on the pleadings *cannot assert* defenses and *objections* that a party has waived by failing to timely assert in a preliminary Rule 12(b) motion or in the responsive pleading. ( *See,* Fed. Rule of Civ. Proc. Handbook, Rule 12 at p. 384 ).

In the case at bar, the defendants have, *therefore, waived* each and every objection contained in the untimely Rule 12(b)(6) motion.

Numerous Court's have held that the *waiver* test of Rule 12 ( c) is to be applied with ' particular strictness '. *See,* Cleveland v.Caplaw Enters., 448 F. 3d 518, 521 ( 2nd. Cir 2006); Irish Lesbian & Gay Org. v. Giuliani, 143 F. 3d 638, 644 (2nd. Cir. 1998).

For this reason alone, the District Court should not have even consider the merits of the defendants untimely and improperly labeled motion.


## VI.   CONCLUSION

In conclusion, what Defendants' sought to accomplish by Motion to Dismiss is contrary to statutory and common law, which did not serve the interest of justice.

Accordingly, appellant requests that this Honorable Court reverse the Order of

the District Court and remand the matter for further proceedings.


Respectfully submitted,

Jill Jones-Soderman, *Pro Se*

*- Appellant -*

10 Cornelison Avenue
South Nyack, New York 10960
Telephone: (845) 353-6111
Facsimile:  (845) 675-7805

L'd

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing Brief of Appellant has

been filed, in paper format, in the Office of the Clerk of the United States Court of

Appeals for the Third Circuit and forwarded to all known counsel of record by

placing a copy of same for overnight delivery *via* United States Postal Service and

properly addressed to:

> Jill Heather Powers, Esq.
> Office of the New Jersey Attorney General
> 25 Market Street
> PO. Box No.: 112
> Trenton, N.J. 08625
>
> The Law Firm of Manns & Lennon, LLC.
> Anita Rae Manns, Esq.
> 41 Vreeland Avenue, Suite 202
> Totowa, New Jersey 07512
>
> Biancamano & Distefano, PC.
> George Karousatos, Esq.
> 10 Parsonage Road, Suite 112
> Edison, New Jersey 08837-2908

this 24th. day of November, 2010.

Jill Jones-Soderman, *Pro Se*

*- Appellant -*

# CERTIFICATE OF COMPLIANCE

This <u>Brief and Appendix of Appellant</u> has been prepared using:

1. Microsoft Word;

2. Times New Roman ( *Font* ), and

3. 14 Point Type Space.

**EXCLUSIVE** of the Table of Contents, table of Authorities, and Addendum containing statutes, rules, or regulations, the Certificate of Service, and this Certificate of Compliance, this Brief of Appellant contains 2,931 words.

I understand that a material representation can result in the Court's striking the brief and imposing sanctions.

Jill Jones-Soderman, *Pro Se*

*- Appellant -*

# **APPENDIX**

APPEAL, CLOSED, SCHEDO

**U.S. District Court**
**District of New Jersey [LIVE] (Newark)**
**CIVIL DOCKET FOR CASE #: 2:08-cv-01887-PGS -ES**

| | |
|---|---|
| Jones-Soderman v. McVeigh et al | Date Filed: 04/18/2008 |
| Assigned to: Judge Peter G. Sheridan | Date Terminated: 06/14/2010 |
| Referred to: Magistrate Judge Esther Salas | Jury Demand: Defendant |
| Case in other court: Third Circuit, 10-03111 | Nature of Suit: 440 Civil Rights: Other |
| New York Eastern, 1:08-cv-01500 | Jurisdiction: Federal Question |
| Cause: 42:1983 Civil Rights Act | |

**Plaintiff**

**Jill Jones-Soderman**                      represented by **Jill Jones-Soderman**
                                                             10 Cornelison Avenue
                                                             Nyack, NY 10960
                                                             845-353-6111
                                                             Fax: 1-800-543-9343
                                                             Email: jill@theopenmind.us
                                                             PRO SE

V.

**Defendant**

**HONORABLE MARGARET MARY**                  represented by **JILL HEATHER POWERS**
**MCVEIGH**                                                  OFFICE OF THE ATTORNEY
*P.J. Gen. Equity*                                           GENERAL
*TERMINATED: 06/17/2009*                                     DIVISION OF LAW
                                                             25 MARKET STREET
                                                             P.O. BOX 112
                                                             TRENTON, NJ 08625
                                                             609-777-3410
                                                             Email: jill.powers@dol.lps.state.nj.us
                                                             *TERMINATED: 06/17/2009*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Paul Dasher, Ph.D**
*TERMINATED: 06/17/2009*

**Defendant**

**Anita Rae Manns, Esq.**                    represented by **Anita Rae Manns, Esq.**
*TERMINATED: 06/17/2009*                                     THE LAW FIRM OF MANNS &
                                                             LENNON , L.L.C.
                                                             41 VREELAND AVENUE
                                                             SUITE 202

TOTOWA, NJ 07512
973-256-7100
PRO SE

**Defendant**

**Christopher Manns, Esq.**
*TERMINATED: 07/18/2008*

**Defendant**

**Stephen Schippione, Esq.**
*TERMINATED: 06/17/2009*

represented by **GEORGE KAROUSATOS**
BIANCAMANO & DI STEFANO, PC
10 PARSONAGE ROAD
SUITE 112
EDISON, NJ 08837-2908
(732) 549-0220
Email: g.karousatos@bdlawfirm.com
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Kuhns**

**Defendant**

**Kay McCormack**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Richard Gruber, Esq.**
*TERMINATED: 06/17/2009*

**Defendant**

**Jodi Drugman, Esq.**
*TERMINATED: 07/18/2008*

**Defendant**

**NEW JERSEY OFFICE OF THE
ATTORNEY GENERAL, DIVISION
OF CONSUMMER AFFAIRS**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HONORABLE EDWIN H. STERN**
*presiding Judge for the Administration,
New Jersey State Office of Court*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*

*Administration*
*TERMINATED: 06/17/2009*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JON S. CORZINE**
*in his official capacity of as Governor*
*of the State of New Jersey*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NEW JERSEY STATE**
**LEGISLATURE**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LESLIE ARONSON**
*Former Executive Director Board of*
*Social Work Examiners*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARILYN BAIR**
*Former Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSAN BERGER**
*Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JODI KRUGMAN, Esq.**
*Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JANE DOE**

**Defendant**

**JOHN DOE**

**Cross Claimant**

Stephen Schippione, Esq.
*TERMINATED: 06/17/2009*

represented by **GEORGE KAROUSATOS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Jodi Drugman, Esq.**
*TERMINATED: 07/18/2008*

**Cross Defendant**

**HONORABLE MARGARET MARY MCVEIGH**
*P.J. Gen. Equity*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMMER AFFAIRS**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**HONORABLE EDWIN H. STERN**
*presiding Judge for the Administration,*
*New Jersey State Office of Court*
*Administration*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JON S. CORZINE**
*in his official capacity of as Governor*
*of the State of New Jersey*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**NEW JERSEY STATE LEGISLATURE**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**LESLIE ARONSON**

represented by **JILL HEATHER POWERS**

*Former Executive Director Board of*
*Social Work Examiners*
*TERMINATED: 06/17/2009*

(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**MARILYN BAIR**
*Former Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Paul Dasher, Ph.D**
*TERMINATED: 06/17/2009*

**Cross Defendant**

**SUSAN BERGER**
*Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JODI KRUGMAN, Esq.**
*Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JANE DOE**

**Cross Defendant**

**JOHN DOE**

**Cross Defendant**

**Anita Rae Manns, Esq.**
*TERMINATED: 06/17/2009*

**Cross Defendant**

**Christopher Manns, Esq.**
*TERMINATED: 06/17/2009*

**Cross Defendant**

**Stephen Schippione, Esq.**
*TERMINATED: 06/17/2009*

represented by **GEORGE KAROUSATOS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Michael Kuhns**

**Cross Defendant**

**Kay McCormack**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Richard Gruber, Esq.**
*TERMINATED: 06/17/2009*

**Cross Claimant**

**Anita Rae Manns, Esq.**
*TERMINATED: 06/17/2009*

V.

**Cross Defendant**

**HONORABLE MARGARET MARY
MCVEIGH**
*P.J. Gen. Equity*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**NEW JERSEY OFFICE OF THE
ATTORNEY GENERAL, DIVISION
OF CONSUMMER AFFAIRS**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**HONORABLE EDWIN H. STERN**
*presiding Judge for the Administration,
New Jersey State Office of Court
Administration*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JON S. CORZINE**
*in his official capacity of as Governor
of the State of New Jersey*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

NEW JERSEY STATE
LEGISLATURE
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

LESLIE ARONSON
*Fomer Executive Director Board of*
*Social Work Examiners*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

MARILYN BAIR
*Former Deputy Attorney Gemeral*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

Paul Dasher, Ph.D
*TERMINATED: 06/17/2009*

**Cross Defendant**

SUSAN BERGER
*Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

JODI KRUGMAN, Esq.
*Deputy Attorney General*
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

JOHN DOE

**Cross Defendant**

Stephen Schippione, Esq.
*TERMINATED: 06/17/2009*

represented by **GEORGE KAROUSATOS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Michael Kuhns**

**Cross Defendant**

**Kay McCormack**
*TERMINATED: 06/17/2009*

represented by **JILL HEATHER POWERS**
(See above for address)
*TERMINATED: 06/17/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Richard Gruber, Esq.**
*TERMINATED: 06/17/2009*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/09/2008 | 1 | COMPLAINT against Jodi Drugman, Esq., Mary Margaret McVeigh, Paul Dasher, Ph.D, Anita Rae Manns, Esq., Christopher Manns, Esq., Stephen Schippione, Esq., Michael Kuhns, Kay McCormack, Richard Gruber, Esq., filed by Jill Jones-Soderman. (Attachments: # 1 Civil Cover Sheet) (Jones, Sandra) (Entered: 04/14/2008) |
| 04/09/2008 | 2 | MOTION for Leave to Proceed in forma pauperis by Jill Jones-Soderman. (Jones, Sandra) (Entered: 04/14/2008) |
| 04/17/2008 | 3 | TRANSFER ORDER, Case transferred to District of New Jersey. The Court offers no opinion on the merits of the action. The decision on pltff's application to proceed in forma pauperis pursuant to 28 USC sec. 1915 is reserved for the transferee Court. That provision of Local Rule 83.1 which requires a five day stay is hereby waived. Summonses shall not issue from this Court. Original file, certified copy of transfer order, and docket sheet sent via electronic service. (Ordered by Magistrate Judge Lois Bloom on 4/16/08) c/m (Galeano, Sonia) (Entered: 04/17/2008) |
| 04/18/2008 | 4 | Certified Copy of Transfer Order and docket received, Case transferred in from District of New York Eastern; Case Number 1:08-cv-01500. Original file with documents numbered 1 - 3, certified copy of transfer order and docket sheet received. (Entered: 04/18/2008) |
| 04/18/2008 | | Judge Judge Peter G. Sheridan and Magistrate Judge Esther Salas added. (jr, ) (Entered: 04/18/2008) |
| 06/16/2008 | 5 | Letter from Jill Jones re: filing fee. (jd, ) (Entered: 06/17/2008) |
| 07/07/2008 | | Filing fee: $ 350, receipt number 352640 (ld, ) (Entered: 07/08/2008) |
| 07/07/2008 | 6 | AMENDED COMPLAINT against NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMMER AFFAIRS, EDWIN H. STERN, JON S. CORZINE, NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON, MARYLIN BAIR, SUSAN BERGER, JODI KRUGMAN, JANE DOE, JOHN DOE, Mary Margaret McVeigh, Paul |

| | | |
|---|---|---|
| | | Dasher, Ph.D, Anita Rae Manns, Esq., Stephen Schippione, Esq., Michael Kuhns, Esq., filed by Jill Jones-Soderman. (Attachments: # 1 statement of verification, # 2 continuation to statement, # 3 continuation to verification) (jd, ) (Entered: 07/18/2008) |
| 07/29/2008 | 7 | Summons Issued as to Mary Margaret McVeigh, NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMMER AFFAIRS, EDWIN H. STERN, JON S. CORZINE, LESLIE ARONSON, MARYLIN BAIR, Paul Dasher, Ph.D, SUSAN BERGER, JODI KRUGMAN, Anita Rae Manns, Esq., Stephen Schippione, Esq., Richard Gruber, Esq.. Days Due - 20. (jd, ) (Entered: 07/29/2008) |
| 08/19/2008 | 8 | Application and Proposed Order for Clerk's Order to extend time to answer Attorney JILL HEATHER POWERS and JILL HEATHER POWERS for Mary Margaret McVeigh, NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMER AFFAIRS, EDWIN H. STERN, JON S. CORZINE, NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON, MARYLIN BAIR, SUSAN BERGER, JODI KRUGMAN and Kay McCormack added. (Attachments: # 1 Letter)(POWERS, JILL) (Entered: 08/19/2008) |
| 08/20/2008 | | Application (doc #8) for an extension of time is granted. Answer Due 9/10/08 as to NJ Office of Attorney General,Div. of Consumer Affairs; Kay McCormack; Hon. Edwin Stern; Gov. Jon Corzine; NJ State Legislature; Margaret Mary McVeigh; Leslie Aronson; Marilyn Bair; Susan Berger and Jodi Krugman (jd, ) (Entered: 08/20/2008) |
| 09/05/2008 | 9 | ANSWER to Amended Complaint, CROSSCLAIM against all defendants by Stephen Schippione, Esq.. (Attachments: # 1 pages 86 to 124, # 2 pages 41 to 85)(KAROUSATOS, GEORGE) (Entered: 09/05/2008) |
| 09/10/2008 | 10 | MOTION for Extension of Time to File Answer by Mary Margaret McVeigh, NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMMER AFFAIRS, EDWIN H. STERN, JON S. CORZINE, NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON, MARYLIN BAIR, SUSAN BERGER, JODI KRUGMAN, Kay McCormack. (Attachments: # 1 Notice of Motion to Extend the Time to Answer, Move or Otherwise Respond, # 2 Certificate of Service, # 3 Certification of Counsel, # 4 Statement that No Brief Is Necessary, # 5 Text of Proposed Order)(POWERS, JILL) (Entered: 09/10/2008) |
| 09/10/2008 | | Set Deadlines as to 10 MOTION for Extension of Time to File Answer. Motion Hearing set for 10/6/2008 before Judge Peter G. Sheridan. (Please be advised that this motion shall be decided on the papers unless otherise notified by the court) (jd, ) (Entered: 09/10/2008) |
| 09/12/2008 | 11 | ORDER granting 10 Motion for Extension of Time to Answer until 30 30 days after entry of this Order. Signed by Magistrate Judge Esther Salas on 9/11/08. (jd, ) (Entered: 09/14/2008) |
| 09/15/2008 | 12 | AFFIDAVIT of Jill G. Jones-Soderman re: extension of time (jd, ) (Entered: 09/17/2008) |
| | | |

| 10/03/2008 | 13 | MOTION to Amend case caption by Jill Jones-Soderman. (Attachments: # 1 cert. of service, # 2 p/o)(sr, ) (Entered: 10/07/2008) |
|---|---|---|
| 10/07/2008 | | Set Deadline as to 13 MOTION to Amend/Correct. Motion Hearing set for 11/3/2008 before Judge Peter G. Sheridan. (PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT) (sr, ) (Entered: 10/07/2008) |
| 10/10/2008 | 14 | ANSWER to Amended Complaint, Answer to all Crossclaims and CROSSCLAIM against Mary Margaret McVeigh, NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMER AFFAIRS, EDWIN H. STERN, JON S. CORZINE, NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON, MARYLIN BAIR, Paul Dasher, Ph.D, SUSAN BERGER, JODI KRUGMAN, JOHN DOE, Stephen Schippione, Esq., Michael Kuhns, Kay McCormack, Richard Gruber, Esq. by Anita Rae Manns, Esq..(jd, ) (Entered: 10/13/2008) |
| 10/14/2008 | 15 | MOTION to Dismiss *and Motion File Over Length Brief* by Mary Margaret McVeigh, NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMER AFFAIRS, EDWIN H. STERN(presiding Judge for the Administration, New Jersey State Office of Court Administration), JON S. CORZINE(in his official capacity of as Governor of the State of New Jersey), NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON, MARYLIN BAIR, SUSAN BERGER, JODI KRUGMAN, Kay McCormack. (Attachments: # 1 Notice of Motion to File Over Length Brief, # 2 Notice of Motion to Dismiss Plaintiff's Complaint, # 3 Brief, # 4 Affidavit of Counsel with Exhibits, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F, # 11 Exhibit G, # 12 Certificate of Service, # 13 Proposed Order, # 14 Proposed Order)(POWERS, JILL) (Entered: 10/14/2008) |
| 10/15/2008 | | Set Deadlines as to 15 MOTION to Dismiss *and Motion File Over Length Brief.* Motion Hearing set for 11/17/2008 before Judge Peter G. Sheridan. (Please be advised that this motion shall be decided on the papers unless otherwise notified by the court) (jd, ) (Entered: 10/15/2008) |
| 11/05/2008 | 16 | LETTER ORDER Pursuant to Rule 16.1. Initial Scheduling conference set for January 16, 2009 at 10:30 a.m. before Magistrate Judge Esther Salas. Signed by Magistrate Judge Esther Salas on 11/5/08. (jq, ) (Entered: 11/05/2008) |
| 11/10/2008 | 17 | REPLY BRIEF to Opposition to Motion re 15 MOTION to Dismiss *and Motion File Over Length Brief* filed by Mary Margaret McVeigh, NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMER AFFAIRS, EDWIN H. STERN(presiding Judge for the Administration, New Jersey State Office of Court Administration), JON S. CORZINE(in his official capacity as Governor of the State of New Jersey), NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON, MARYLIN BAIR, SUSAN BERGER, JODI KRUGMAN, Kay McCormack. (Attachments: # 1 Certificate of Service)(POWERS, JILL) (Entered: 11/10/2008) |
| 11/10/2008 | 18 | MOTION to join the motion of Jill H. Power, Esq. to Dismiss Complaint by |

| | | Anita Rae Manns, Esq.. (Attachments: # 1 certification, # 2 p/o)(jd, ) (Entered: 11/17/2008) |
|---|---|---|
| 11/17/2008 | | Set Deadlines as to 18 MOTION to Dismiss. Motion set for 12/15/2008 before Judge Peter G. Sheridan will be decided on the papers. No appearances required unless notified by the court. (jd, ) (Entered: 11/17/2008) |
| 11/17/2008 | 19 | ORDER granting 13 Motion to Amend Caption. Signed by Magistrate Judge Esther Salas on 11/17/08. (jd, ) (Entered: 11/17/2008) |
| 11/18/2008 | 20 | Letter/Request from Jill G. Jones-Soderman for an extension of 30 days in which to reply, etc. (jd, ) (Entered: 11/20/2008) |
| 11/20/2008 | 21 | RESPONSE in Opposition re 18 to join MOTION to Dismiss filed by Jill Jones-Soderman. (jd, ) (Entered: 11/21/2008) |
| 11/26/2008 | 22 | APPLICATION/PETITION for Amicus Curiae Brief and for Oral Argument of the State defts Motion to Dismiss by Jill Jones-Soderman. (jd, ) (Entered: 12/01/2008) |
| 12/02/2008 | 23 | ORDER that pltf's opposition brief is due 12/31/08. Signed by Judge Peter G. Sheridan on 12/2/08. (jd, ) (Entered: 12/02/2008) |
| 12/02/2008 | 24 | ORDER denying motion to submit an Amicus Curiae Brief; the Court reserves on the request for Oral argument. Signed by Judge Peter G. Sheridan on 12/1/08. (jd, ) (Entered: 12/02/2008) |
| 12/29/2008 | 25 | Letter from Jill G. Jones-Soderman to Judge Sheridan re: service. (jd, ) (Entered: 12/30/2008) |
| 01/15/2009 | | Reset Hearings: The Initial Conference previously set for 1/16/09 has been ADJOURNED and RESCHEDULED to 2/20/2009 at 10:00 AM in Newark - Courtroom 2D before Magistrate Judge Esther Salas. Please mark your calendars accordingly (jq, ) (Entered: 01/15/2009) |
| 01/22/2009 | 26 | Letter from Jill Jones-Soderman to Judge Sheridan. (jd, ) (Entered: 01/22/2009) |
| 01/26/2009 | 27 | Certified Mail Receipt returned as to Jill Jones-Soderman (jd, ) (Entered: 01/26/2009) |
| 01/27/2009 | 28 | NOTICE of Change of Address by Jill Jones-Soderman (jd, ) (Entered: 01/27/2009) |
| 01/30/2009 | 29 | Certified Mail Receipt returned as to Jill Jones-Soderman (jd, ) (Entered: 01/30/2009) |
| 02/03/2009 | 30 | NOTICE of Consent & Registration Form to Receive Documents Electronically by Jill Jones-Soderman (jd, ) (Entered: 02/03/2009) |
| 02/20/2009 | | Minute Entry for proceedings held before Magistrate Judge Esther Salas: Scheduling Conference held on 2/20/2009. (CD #08-07 (ES).) (jq, ) (Entered: 02/23/2009) |
| 02/24/2009 | 31 | Pretrial SCHEDULING ORDER: Telephone Conference set for 5/27/2009 |

| | | |
|---|---|---|
| | | 03:00 PM before Magistrate Judge Esther Salas. Amended Pleadings due by 7/10/2009. Discovery due by 11/2/2009. Joinder of Parties due by 7/10/2009.. Signed by Magistrate Judge Esther Salas on 2/20/09. (jd, ) (Entered: 02/24/2009) |
| 02/26/2009 | | CHAMBERS NOTE: Please be advised that the conference scheduled for May 27, 2009 has been CANCELLED. The In-Person Status Conference set for May 20, 2009 will be going forward as scheduled. (jq, ) (Entered: 02/26/2009) |
| 03/10/2009 | 32 | MOTION to Stay *Fed.R.Civ.P. 26 Disclosures and Discovery* by MARGARET MARY MCVEIGH(P.J. Gen. Equity), NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMMER AFFAIRS, EDWIN H. STERN(presiding Judge for the Administration, New Jersey State Office of Court Administration), JON S. CORZINE(in his official capacity of as Governor of the State of New Jersey), NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON(Fomer Executive Director Board of Social Work Examiners), MARILYN BAIR(Former Deputy Attorney Gemeral), SUSAN BERGER(Deputy Attorney General), JODI KRUGMAN, Esq.(Deputy Attorney General), Kay McCormack, LESLIE ARONSON, MARILYN BAIR. (Attachments: # 1 Brief, # 2 Certificate of Service, # 3 Certification of Counsel, # 4 Proposed Form of Order)(POWERS, JILL) (Entered: 03/10/2009) |
| 03/10/2009 | | Set Deadlines as to 32 MOTION to Stay *Fed.R.Civ.P. 26 Disclosures and Discovery*. Motion set for 4/6/2009 before Judge Peter G. Sheridan. The motion will be decided on the papers. No appearances required unless notified by the court. (jd, ) (Entered: 03/10/2009) |
| 03/19/2009 | 33 | ORDER that Teva's time to answer the Amended Complaint is extended until and including 3/31/09. Signed by Magistrate Judge Mark Falk on 3/15/09. (jd, ) (Entered: 03/19/2009) |
| 03/19/2009 | 34 | Letter from Jill G. Jones-Soderman to Judge Sheridan re: request to submit arguments agst Jill Powers on the stay of discovery. (jd, ) (Entered: 03/19/2009) |
| 03/19/2009 | | CLERK'S NOTE: Please disregard doc #33 (it was entered in wrong case)(jd, ) (Entered: 03/19/2009) |
| 03/20/2009 | 35 | Letter-ORDER, the Court grants Ms. Powers' request to file a Motion to Stay discovery, etc; an in-person Status Conference set for 5/20/2009 10:30 AM before Magistrate Judge Esther Salas.. Signed by Magistrate Judge Esther Salas on 3/19/09. (jd, ) (Entered: 03/20/2009) |
| 04/01/2009 | 36 | Letter-BRIEF in Opposition re 32 MOTION to Stay *Fed.R.Civ.P. 26 Disclosures and Discovery* filed by Jill Jones-Soderman. (Attachments: # 1 cert of servivce, # 2 certification, # 3 cover-letter)(jd, ) (Entered: 04/02/2009) |
| 04/02/2009 | 37 | Letter-ORDER that the Court grants Ms. Powers' request for an extension of time in which to file a reply in connection with Defts' Motion to Stay. Any reply shall be filed by 4/14/09. Signed by Magistrate Judge Esther Salas on 4/2/09. (jd, ) (Entered: 04/02/2009) |
| | | |

p.22

| 04/09/2009 | 38 | RESPONSE in Opposition re 15 MOTION to Dismiss *and Motion File Over Length Brief* filed by Jill Jones-Soderman. (Attachments: # 1 cover-letter)(jd, ) (Entered: 04/09/2009) |
|---|---|---|
| 04/13/2009 | 39 | REPLY BRIEF to Opposition to Motion re 32 MOTION to Stay *Fed.R.Civ.P. 26 Disclosures and Discovery* filed by MARGARET MARY MCVEIGH(P.J. Gen. Equity), NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMMER AFFAIRS, EDWIN H. STERN(presiding Judge for the Administration, New Jersey State Office of Court Administration), JON S. CORZINE(in his official capacity of as Governor of the State of New Jersey), NEW JERSEY STATE LEGISLATURE, LESLIE ARONSON(Fomer Executive Director Board of Social Work Examiners), MARILYN BAIR(Former Deputy Attorney Gemeral), SUSAN BERGER (Deputy Attorney General), JODI KRUGMAN, Esq.(Deputy Attorney General), Kay McCormack, LESLIE ARONSON, MARILYN BAIR. (Attachments: # 1 Certificate of Service)(POWERS, JILL) (Entered: 04/13/2009) |
| 05/15/2009 | 40 | Letter-ORDER, in-person Status Conference rescheduled to 6/30/2009 01:30 PM before Magistrate Judge Esther Salas.. Signed by Magistrate Judge Esther Salas on 5/15/09. (jd, ) (Entered: 05/15/2009) |
| 05/21/2009 | | Set/Reset Hearings: Motion to Stay Fed.R.Civ.P. 26 Disclosures and Discovery, set for 6/17/2009 at 12:00 PM in Trenton - Courtroom 7W before Judge Peter G. Sheridan. (Please be prepare to argue the motion). (dh, ) (Entered: 05/21/2009) |
| 05/22/2009 | | Set/Reset Hearings: Correction on motion hearing - Judge Sheridan will be hearing the Motion to Dismiss set for 6/17/2009 at 12:00 PM in Trenton - Courtroom 7W before Judge Peter G. Sheridan. (Please be prepare to argue the motion). (dh, ) (Entered: 05/22/2009) |
| 06/17/2009 | 41 | ORDER granting 15 Motion to Dismiss; granting 18 Motion to Dismiss w/prejudice; pltf's complaint be dismissed w/out prejudice as to deft Richard Gruber, Esq.. Signed by Judge Peter G. Sheridan on 6/17/09. (jd, ) (Entered: 06/17/2009) |
| 06/17/2009 | 44 | Minute Entry for proceedings held before Judge Peter G. Sheridan: Motion Hearing held on 6/17/2009 re 18 MOTION to Dismiss filed by Anita Rae Manns, Esq., 15 MOTION to Dismiss *and Motion File Over Length Brief* filed by NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CONSUMMER AFFAIRS, MARILYN BAIR, NEW JERSEY STATE LEGISLATURE, JODI KRUGMAN, Esq., LESLIE ARONSON, EDWIN H. STERN, MARGARET MARY MCVEIGH, Kay McCormack, JON S. CORZINE, SUSAN BERGER. (Court Reporter/Recorder Ira Rubenstein.) (dh, ) (Entered: 06/25/2009) |
| 06/23/2009 | | CHAMBERS NOTE: Please be advised that the conference set for 6/30/09 has been ADJOURNED without a new date. (jq, ) (Entered: 06/23/2009) |
| 06/23/2009 | 42 | Notice of Call for dismissal Pursuant to Rule 41.1 Motion set for 7/6/2009 at 10:00 AM in Trenton - Courtroom 7W before Judge Peter G. Sheridan. (dh, ) (Entered: 06/23/2009) |

p.23

| 06/24/2009 | 43 | ORDER denying as moot 32 Motion to Stay. Signed by Magistrate Judge Esther Salas on 6/24/09. (jd, ) (Entered: 06/24/2009) |
| 07/09/2009 | 45 | NOTICE by Jill Jones-Soderman of service upon deft Kuhns (jd, ) (Entered: 07/09/2009) |
| 07/09/2009 | 46 | SUMMONS Returned Executed by Jill Jones-Soderman. Michael Kuhns answer due 12/30/2008. (indicated wife refused to sign- left at her feet) (jd, ) (Entered: 07/09/2009) |
| 09/06/2009 | 47 | ORDER that no reply necessary; transcript has been submitted to her; Judgment remains as is. Signed by Judge Peter G. Sheridan on 9/3/09. (jd, ) (Entered: 09/06/2009) |
| 09/16/2009 | 48 | Transcript of Proceedings (motion) held on 6/17/2009 and 8/1/2009, before Judge Peter G. Sheridan. Court Reporter/Transcriber Ira N. Rubenstein, Telephone number 732 672-3356. **NOTICE REGARDING REDACTION OF TRANSCRIPTS:** The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this Transcript. If no such notice is filed, the transcript will be made remotely available in electronic format to the public without redaction after ninety(90) calendar days. The redaction policy is located on our website at www.njd.uscourts.gov. Transcripts may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for release of transcript restriction. After that date it may be obtained through PACER. Redaction Request due 10/7/2009. Redacted Transcript Deadline set for 10/19/2009. Release of Transcript Restriction set for 12/15/2009. (mn, ) (Entered: 09/16/2009) |
| 04/01/2010 | 49 | Notice of Call for dismissal Pursuant to Rule 41.1 (a) Motion set for 4/12/2010 at 10:00 AM in Trenton - Courtroom 7W before Judge Peter G. Sheridan. (dh, ) (Entered: 04/05/2010) |
| 04/14/2010 | 50 | Letter from Jill Jones-Soderman. (dh, ) (Entered: 04/14/2010) |
| 04/20/2010 | | Set/Reset Hearings: Status Conference set for 5/18/2010 at 11:30 AM in Trenton - Courtroom 7W before Judge Peter G. Sheridan. (dh, ) (Entered: 04/20/2010) |
| 05/18/2010 | 51 | ORDER that the Pltf must file a submission with the Court in furtherance of her case on or before 6/4/10, or the complaint shall be dismissed in its entirety for failure to prosecute. Signed by Judge Peter G. Sheridan on 5/18/10. (jd, ) (Entered: 05/20/2010) |
| 05/18/2010 | 52 | Minute Entry for proceedings held before Judge Peter G. Sheridan: Telephone/Status Conference held on 5/18/2010. (Court Reporter/Recorder Frank Gable.) (dh, ) (Entered: 05/25/2010) |
| 06/14/2010 | 53 | ORDER that purs to FRCP 41(b), Pltf's complaint is dismissed with prejudice for failure to prosecute her case. Signed by Judge Peter G. Sheridan on 6/14/10. (jd, ) (Entered: 06/15/2010) |
| 06/21/2010 | 54 | Letter from Jill G. Jones-Soderman, filed 6/21/10. (dh, ) (Entered: 06/22/2010) |

| 07/12/2010 | 55 | NOTICE OF APPEAL as to 53 Order Dismissing Case, 41 Order on Motion to Dismiss, by Jill Jones-Soderman. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. ( fee not paid, no check attached) (Attachments: # 1 copies of orders)(jd, ) (Entered: 07/13/2010) |
|------------|----|----|
| 07/22/2010 | 56 | USCA Case Number 10-3111 for 55 Notice of Appeal (USCA) filed by Jill Jones-Soderman. USCA Case Manager Caitlyn Gillie (Document Restricted - Court Only) (ca3cjc, ) (Entered: 07/22/2010) |
| 07/30/2010 |    | USCA Appeal Fees received $ 455.00 receipt number NEW002293 re 55 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by Jill Jones-Soderman (jd, ) (Entered: 07/30/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/22/2010 08:46:43 | | |
| **PACER Login:** | kn0801 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-01887-PGS -ES Start date: 1/1/1970 End date: 11/22/2010 |
| **Billable Pages:** | 12 | **Cost:** | 0.96 |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Case Number 08-CV-01887 (PGS)(ES)

JILL JONES-SODERMAN

*Plaintiff,*

*v.*

NEW JERSEY OFFICE OF THE ATTORNEY
GENERAL, DIVISION OF CONSUMER
AFFAIRS, Mrs. KAY MCCORMACK, Executive
Director, Board of Social Work Examiners,
Honorable EDWIN H. STERN, Presiding Judge for
Administration, New Jersey State Office of Court
Administration, New Jersey State Office of Court
Administration, JON S. CORZINE, in his official
capacity as Governor of the State of New Jersey,
NEW JERSEY STATE LEGISLATURE,
Honorable MARY MARGARET MCVEIGH, Judge,
Dr. PAUL DASHER, LESLIE ARONSON, ANITA
RAE MANNS, Esq., MARYLIN BAIR, Esq.,
STEPHEN SCHIPPONE, Esq. SUSAN BERGER,
MICHAEL KUHNS, RICHARD GRUBER, Esq.
JODI KRUGMAN, Esq.

*Defendants.*

Notice is hereby given that JILL JONES-SODERMAN, *Plaintiff* in the above

named case hereby appeal to the United States Court of Appeals for the Third Circuit from

the Order(s) of the United States District Court for the District of New Jersey, Honorable Peter

G. Sheridan, U.S.D.J., dismissing the First Amended Complaint with prejudice and without

prejudice entered in this action on June 14, 2010 and June 17, 2010.

_Jill Jones-Soderman_
Jill Jones-Soderman

_- Plaintiff, Pro Se -_

10 Cornelison Avenue
Nyack, New York, 10960
Tel: (845) 353-6111
Fax: (800) 543-9343



## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

JILL JONES-SODERMAN,

               Plaintiff

       v.

HON. MARGARET MARY MCVEIGH, et al.,

               Defendants

Civil Action No. 08-1887 (PGS)

**ORDER**

This matter having come before the Court on motions to dismiss by defendants, Honorable Margaret Mary McVeigh, Honorable Edwin H. Stern, the New Jersey Office of the Attorney General Division of Consumer Affairs, Kay McCormack, Jon S. Corzine, the New Jersey State Legislature, Leslie Aronson, Marilyn Bair, Susan Berger, Jodi Krugman, Esq., Anita Rae Manns, Esq., on notice to plaintiff, Jill Jones-Soderman, and on the oral motion to dismiss at argument by counsel for defendant, Stephen Schippione, Esq.; and the Court having considered the papers in support thereof, and having heard oral argument; and for the reasons set forth on the record, and for good-cause shown;

IT IS on this 17 day of June, 2009

ORDERED that Plaintiff's Complaint be and hereby is dismissed as to Defendants Jon S. Corzine, Honorable Edwin H. Stern, Honorable Margaret Mary McVeigh, Anita Rae Manns, Esq., Kay McCormack, Leslie Aronson, Marilyn Bair, Susan Berger, Jodi Krugman, Esq., Paul Dasher, Ph.D., Stephen Schippione, Esq., the New Jersey State Legislature, and the New Jersey Office of the Attorney General Division of Consumer Affairs, with prejudice; and it is further

ORDERED that Plaintiff's Complaint be dismissed without prejudice as to Defendant Richard Gruber, Esq.

June 17, 2009

_Peter MSheridan_

PETER G. SHERIDAN, U.S.D.J.

2

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

JILL JONES-SODERMAN,

    Plaintiff,

    v.

HON. MARGARET MARY MCVEIGH, et al.,

    Defendants.

Civil Action No.: 08-1887 (PGS)

**ORDER**
(CLOSED)

    Pursuant to this Court's May 18, 2010 order and a status conference held on same, Plaintiff was instructed to file with this Court a submission in furtherance of her case on or before June 4, 2010, or the complaint would be dismissed for failure to prosecute. As of this date, Plaintiff has not complied with the Court's May 18, 2010 order.

    WHEREAS, for the reasons set forth on the record on May 18, 2010 and pursuant to the Court's May 18, 2010 order, and for good cause having been shown;

    IT IS on this 14th day of June, 2010,

ORDERED that pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint is dismissed with prejudice for failure to prosecute her case.[1]

June 14, 2010

_____
PETER G. SHERIDAN, U.S.D.J.

---

[1] The Court has reviewed the factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) in making this determination:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

In reviewing these factors, the Court finds that Plaintiff's history of dilatoriness, extent of responsibility in failing to further her case, and the lack of meritoriousness to her claim favors dismissal.

**From:** jill@theopenmind.us (jill@theopenmind.us)
**To:** sodermanj1@yahoo.com; l@theopenmind.us;
**Date:** Mon, June 21, 2010 2:21:00 PM
**Cc:**
**Subject:** Copy of Draft Letter Brief - Original Draft Letter Brief and Default Judgment papers , Express Mail Receipts

Dear Delores -I have been without access to my computer for the last two weeks .  I have a draft of the Letter Brief sent to Judge Sheridan on June 2nd 2010. The Letter Brief and Default Judgments were sent out June 2nd,2010 by mail to the Trenton District Court and to the Newark District court, my copies of express mail tickets are attached in this fax.

I am currently awaiting the return of my back- up data from the hard drive of the former computer which contains
the original documents - Letter Brief and Default Judgment against Michael Kuhns, Esq., sent to Judge Sheridan by express mail and regular Mail to both offices in Trenton and Newark, on June 2nd.. I am told by Staples that the discs will be available today, in which case I could send in proper clean copies of the original material sent to the  Clerk of Court for Judge Sheridan.

I have taken copies of my Express Mail Tickets to the PO to have them trace the express mails sent out.

I am also enclosing - just for your information and verification of mail problems - a letter sent to Judge Feuerstein, Eastern District of New York. Mail sent to Judge Feuerstein, similarly by Express mail, regular mail and a fax to the Assistant District Attorney was not received by Judge Feuerstein. Ralph Pernick did receive the fax sent to him but did not receive the Express mail and regular mail sent to his office either.

I tend to routinely call to follow-up receipt of mail to all parties but have been out of the office for work over the past weeks to such a degree that time has not permitted phone calls during working hors.

I deeply apologise to Judge Sheridan. I greatly appreciated his thoughtful consideration in allowing time to address the issues presented in this Letter Brief and never would have disregarded the opportunity afforded.

Thank You for Your Time and Consideration,

I am faxing the material attached this one time and will destroy the fax number provided.


Jill

EQ 981564070 US



Judge Sheridan — 6/2/2010

**EXPRESS MAIL**

UNITED STATES POSTAL SERVICE®

Mailing Label
Label 11-B, March 2004

**Post Office To Addressee**

PRESS HARD. YOU ARE MAKING 3 COPIES.

| ORIGIN (POSTAL SERVICE USE ONLY) | | |
|---|---|---|
| PO ZIP Code | Day of Delivery | Postage |
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| | Scheduled Date of Delivery | Return Receipt Fee |
| Date Accepted | Month Day | |
| Mo. Day Year | Scheduled Time of Delivery | COD Fee   Insurance Fee |
| Time Accepted ☐ AM | ☐ Noon ☐ 3 PM | $   $ |
| ☐ PM | Military | Total Postage & Fees |
| Flat Rate ☐ or Weight | ☐ 2nd Day ☐ 3rd Day | $ |
| lbs.   ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials |

| DELIVERY (POSTAL USE ONLY) | | | |
|---|---|---|---|
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |
| **Delivery Date** | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY ☐ Weekend ☐ Holiday   Mailer Signature

FROM: (PLEASE PRINT)   PHONE ( 845- 353-6111

J. Jones-Silverman
10 Carnearson Ave.
Nyack, NY 10960

TO: (PLEASE PRINT)   PHONE ( 973- 645- 3230

Clerk of Court — Wm T. Walsh,
US District Court
50 Walnut St.
Newark NJ 07101

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

0 7 1 0 1 + ☐ ☐ ☐ ☐

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

*EMS*

Jill's copies

The Foundation for the Child Victims
of the Family Courts, LLC, 501C3
10 Cornelison Avenue
Nyack, NY 10960

Neither express Mail nor hand written Mail received
by her — fortunately a fraudscent ref the Rogers Erin
[illegible] Received — [illegible] —
this can be Verified by Ralph Devine against other services

Clerk of the US District Court
Magistrate Judge Bloom
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

WESTCHESTER NY 105
14 JUN 2019

USA FIRST-CLASS FOREVER

*(handwritten annotations in top margin)*
50 Avenue St. Clerk of Court -
Newark NJ 07101 Wm T Walsh -
Court Room 7 w
402 St etc st.
609-989-2865

JILL G. JONES-SODERMAN
10 CORNELISON AVE.
NYACK, NEW YORK 10960

4/2/2010 .

JUDGE PETER G. SHERIDAN
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

JONES-SODERMAN V. MCVEIGH ET. AL.
2:08 – CV- 01887
LETTER BRIEF SUBMITTED IN
OPPOSITION TO DISMISSAL/REQUEST TO
AMEND AND RE-FILE

TRENTON, NEW JERSEY
08608

BY EXPRESS MAIL

Dear Judge Sheridan,

I am submitting this Letter Brief in support of my Opposition to the defendants noted in this case pursuant to the series of points noted below.

Point 1 – The Court should be liberal in inspecting the Pro Se Plaintiff's Complaint, hold the complaint to less stringent standards and as an alternative to the severe sanction of dismissal, if the complaint is found to have defects, Plaintiff should be allowed to amend and perfect the presentation of the complaint.

Point 2 – The governing standards of law as to pleadings, namely the allegations of the complaint are accurate and sufficient under the law as to notice pleadings, requirements of the Federal Rules. The Plaintiff became aware of violations of substantive and due process violations years after the original proceedings leading to an alteration in the actual dates of statute of limitations governing the foundations for reasons for dismissal of the case presented to your Honor. Plaintiff became aware of the State violations of procedural and due process violations against the Plaintiff beginning in June, 2006, continuing in 2007 and through 2010.

Point 3 – Many of the Defendants are state actors and have acted "Under Color of State Law", therefore, liable under 42 USC Section 1983, a conspiracy to deprive plaintiff of constitutionally protected rights pursuant to 42 USC SECTION 1985, as well as numerous violations of Federal and State Laws, such as Obstruction of Justice in violation of 18 USC section 1512 and 18 USC section 1513(B). Ancillary claims for violations of State Laws of malicious prosecution, intentional infliction of emotional distress, negligence and malpractice – a tort, over which the court has supplemental jurisdiction, inter alia, as well as the violation of Plaintiff's Rights guaranteed by New Jersey and the U.S. Constitution, among other issues to be addressed.

Point 4 – Attorneys who were retained to represent the Plaintiff can be shown to have committed multiple counts of mal practice via intrinsic and extrinsic fraud, incompetence, laziness, failure to provide fiduciary responsibility in accepting retention in the case, among numerous other complaints.

Point 5 - The opportunity to conduct discovery in all forms, document production, depositions, interrogatories are absolutely necessary to elucidate the case brought against the defendants as to violation of due process, collusion and fraud.
 The Plaintiff has uncovered new significant documentation of due process violations via continued, persistent efforts at discovery which elucidate the case against the defendants. The opportunity to present that evidence as opposed to quashing the presentation of such evidence as wished for by the vast resources of the state government deprives Plaintiff of the rights to collect damages caused by each and every one of the Defendants in their private capacity as attorneys who have committed mal practice through the use of coercion, lies and manipulation of state resources, many of which are heavily funded Through the State education department.

Point 6 – The Damages in question are ongoing and considerable as already quantified for the Federal Case – Jill Jones-Soderman v. Richard S. Mazawey,et. al 09 civ 3185 and would be presented as part of the Amended complaint.

Point 7 – The Plaintiff alleges that the violation of procedural and substantive due process rights endured by the Plaintiff were initiated to protect a cottage industry of legal and mental health services – a monopoly on services – engaged in by an "old boy's network " of providers. The Plaintiff, has been deprived of liberty rights to work and to earn a living in the area of training and experience in which she was engaged. Fraudulent charges and attempts at secreting such evidence of this alleged  monopoly on services have created ongoing damages through defamation, liable and restraint of access to work.

Point 8 – Plaintiff's Complaint states a claim for discrimination and violation(s) of 42 USC section 1981 and the State of New Jersey's  Human Rights Laws.

Point 9 - Plaintiff's complaint adequately sets forth claims for  relief under the United State's Constitution.

Point 10 –Defendants are not entitled to any form of immunity. Judge McVeigh recused herself from the role as Judge as per her choice and so was not acting as a Judge when she chose to make false, liabelous, defamatory statements against the Plaintiff. McVeigh engaged the power of her office and the services of the New Jersey Social Work licensing Board and the Attorney General's Office, without the knowledge of the Plaintiff until June 2006.

Point 11 – Plaintiff's complaint states a claim for invasion of privacy using  the vast resources of the state. The quashing of exposure of the abuses of the power of the state

to invade, control, manipulate, the life of a private citizen blocks the ability to recover damages for relief under the United States Constitution.

Point 12 - Immunity does not extend to the conduct of the defendants as alleged in the instant case. The Plaintiff begs for the opportunity to demonstrate the evidence and the timeline in which client became aware of crimes committed dating from 2006 and 2007 – not 2003/2004, clearly a defect of the complaint as presented by the pro se client.

Point 13 – Sua Sponte dismissal – The defendant who is in default, has not answered the Complaint set forth and therefore prevents the case from being dismissed in its entirety. The individual who has not answered the claim is a witness to crimes of threats and coercion of the Plaintiff by an officer of the court – the prosecutor Susan Berger of the Attorney General's Offfice. An Order of Default judgment has been prepared for Michael Kuhns Esq. and a subpoena for him as a witness will be prepared as well if this case is allowed to move forward in an amended and perfected form.

Point 14 – Governing Standards of Law as to Pleadings – Plaintiff pleads for the ability to Present proof that the allegations of Jones-soderman's complaints are sufficient under the notice pleading requirements of the Federal Rules, and therefore Plaintiff should be allowed to amend her complaint.

In closing, I wish to note that as a pro se litigant, non lawyer, this presentation should be read liberally and interpreted by the court to raise the strongest possible arguments the court may deem relevant ( see Wegman v. Grimke,(W.D.N.Y.)2007,WNY.0000631,03-cv-234s,citing, Haines v. Kerner,404 U.S.519,520,92S. Ct.594,596(1972);Burgos v.Hopkins,14F.3d787,790(2d Cir.1994).

I respectfully submit this request to be able to amend and re- serve this complaint on all defendants and to move forward with this case with all haste.

I thank your Honor for the opportunity afforded to submit this document, but look forward to being able to amend and submit a full brief for inspection and approval.

Sincerely,

*Jill Jones-Soderman*

Jill Jones-Soderman

*attached – Default Judgment – Michael Kuhns*

CC Jodi Krugman, Susan Berger esq., Jill Heather Powers esq., Lesley Aronson, Marilyn Bair,

Kaye McKormack, Anita Rae Manns esq., Stephen Schippione esq., Michael Kuhns esq.
Paul Dasher PhD, Margaret Mary McVeigh2